LAUGHLIN v. BALT. & OHIO RD. CO. et.

No. 20422.    Supreme Court.

On motion to certify. Dock. 4-1-27, 5 Abs. 238.

NOTE: Motion to certify overruled, 5 Abs. 301.

991. RAILROADS—Does the removal of tracks and equipment from a railroad right of way, the leasing of said right of way to an electric light and power company for the purpose of erecting and maintaining high tension lines thereon, the failure to cut weeds and maintain fences and the use of such right of way for the wasting of surface water constitute such an abandonment as will cause the property to revert to the owner of the fee?

Plaintiff's predecessor in title leased the land in question to the predecessor in title of the B. & O. R. R. Co. The Railroad Company installed tracks and other necessary equipment and operated a railroad over the right of way for a number of years. They finally acquired other property some of which was adjacent to the old right of way and installed new tracks and equipment, later removing the tracks and equipment from the old right of way. Plaintiff, who is the owner of the fee to the old right of way, brought this action in the Shelby Common Pleas to recover possession on the ground that it had been abandoned for railroad purposes. The Common Pleas Court found for the defendant, and the Court of Appeals affirmed the Common Pleas. The plaintiff is now asking that the Court of Appeals be required to certify its record and claims and cites authorities as follows:—

1. That the company abandoned the right of way by failing to operate trains thereon, and

by removing the tracks and bridges and constructing and operating a new line to accomplish the same purpose. C. H. & D. Ry. Co. v. Wachter, 70 OS. 113.

2. By leasing the property to an electric light and power company for the purpose of directing and maintaining high tension lines upon it. Platt v. Penna. Co. 43 OS. 228.

3. By the failure to cut the weeds, maintain the fences and keep the right of way clear of combustible material as provided in Secs. 7149, 8968, 8913 GC.

4. By the failure to provide water ways along the new right of way, and the wasting of the surface water over the old right of way contrary to 8908 GC.

Attorneys—H. T. Mathers, W. J. Emmons and C. C. Hall, for Laughlin; D. E. Mills for Railroad Co.; all of Sidney.

---

No. 557

SOUTHERN SURETY CO. v. STANDARD SLAG CO.

No. 20471.    Supreme Court.

On Motion to certify; Dock. 4-21-27, 5 Abs. 281.

1139. SURETY BONDS—Do provisions of 2365-1 to 2365-4 GC. apply to a contract for the construction of a county road improvement?

The facts so far as they are material to this appeal, are as follows: On or about the twelfth day of March, 1923, James O. Petrie, contractor, entered into a contract with the county commissioners of Jackson County, Ohio, for the construction of a certain county road improvement, said road being known as the Wellston-Jackson road.

Southern Surety Co. became surety upon the bond of Petrie. During the course of construction, Petrie bought certain materials from the Standard Slag Co. for which he did not pay. The Standard Slag Co. thereupon brought an action against Petrie and Southern Surety Co. Petrie confessed judgment, but being insolvent, the case proceeded to trial against the Southern Surety Co. and the surety company, by its answer, urged the defense of the statute of limitations inasmuch as the action was not commenced within one year from the date of the acceptance of the improvement, said limitation being contained in 2365-3 GC.

The answer also contained a general denial. The Slag Company, by its amended reply, denied that the provision of said section applied, inasmuch as the contract upon which the action was based was one for the construction of a county road, and that the bond provision contained in 6947 GC., only applied. A jury was waived and the case was tried to the court. The court sustained the contention of the Slag Company. The Court of Appeals affirmed the judgment of the Court of Common Pleas.

The questions raised in the Supreme Court are:—

1. Do the provisions of Sections 2365-1 to 2365-4, inclusive, apply to a contract for the construction of a county road improvement?

2. If the answer to that question is in the negative, can a bond give broader protection than is given by the statute which requires the bond?

Attorneys—Atkinson, Smith & Hogan, Columbus, for Surety Co.; Corn & Jenkins, Ironton, for Slag Co.